# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| JAMES G. BROXTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:08-CV-28 JVB |
| | ) |
| CITY OF RENSSELAER, INDIANA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendant City of Rennselaer's Motion for Summary Judgment [DE 28], filed on February 1, 2010. Both Plaintiff and Defendant are represented by counsel. To date, Plaintiff has not responded to Defendant's Motion for Summary Judgment.

### A. Standard of Review

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628.. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

**B.     Background and Facts**

Because Plaintiff has not responded to the motion for summary judgment, the Court accepts as true all facts designated in Defendant's Statement of Facts in its brief:

Plaintiff was employed in Defendant's Sanitation Department from 2003 to 2007. There was constant bickering between Plaintiff and other employees within the Sanitation department during this period. Plaintiff complained numerous times to Michael Murphy, the Superintendent of the Sanitation Department, regarding other employees and, especially, Rick Magruder. Mr.

2

Murphy documented and resolved these complaints pursuant to the City of Rensselaer Policies and Procedures ("the Policies and Procedures"), Ordinance 03-06. As a result of some of the complaints, the employees involved received disciplinary notices, including Plaintiff and Mr. Magruder.

Before the termination of his employment, Plaintiff had at least seven documented offenses in which it was determined that he had violated the Policies and Procedures. Plaintiff refused to sign at least three of the reports documenting the violations. Around January 11, 2007, Plaintiff was advised that, if there was one more incident with Mr. Magruder, he would be recommended for immediate termination and Mr. Magruder would face suspension, in accordance with the Policies and Procedures.

On May 11, 2007, Plaintiff entered the sanitation department's office and stopped at the desk of Kristina Phillips, the sanitation department's secretary, and advised her that he was leaving because he did not feel safe at work. She inquired as to whether he was quitting, and Plaintiff told her that he was not.

Ms. Phillips called Mr. Murphy and told him about the incident. Ms. Phillips was not authorized to allow Plaintiff to leave work during work hours, and Mr. Murphy did not give Plaintiff permission to leave that day. Plaintiff's actions that day were in violation of the Policies and Procedures.

On May 14, 2007, the Renssalaer City Council and the Mayor of the City of Renssalaer held a hearing regarding the incident on May 11, 2007, which Plaintiff attended. At that hearing, Mr. Murphy recommended that Plaintiff's employment be terminated. The Rensselaer City Council voted to terminate Plaintiff's employment, effective May 21, 2007. Mr. Magruder's

employment was also terminated effective May 21, 2007.

On April 25, 2008, Plaintiff filed his Complaint, alleging racial discrimination under Title VII of the Civil Rights Act.

**C.     Analysis**

In Title VII cases, the plaintiff carries the initial burden of establishing a *prima facie* case of discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). In a case where the plaintiff alleges a discriminatory discharge, the plaintiff makes this showing by establishing: "(1) she was a member of a protected class; (2) she was meeting her employer's legitimate business expectations; (3) she suffered an adverse employment action; and (4) the employer treated a similarly situated employee outside of the class more favorably." *Hancock v. Potter*, 531 F.3d 474, 478 (7th Cir. 2008) (citations omitted).

If the plaintiff is able to successfully establish a *prima facie* case of racial discrimination, the burden shifts to the employer to "produce 'evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action.'" *Hancock*, 531 F.3d at 478 (quoting *Hicks*, 509 U.S. at 509). Once the employer successfully produces a legitimate, non-discriminatory reason for the adverse action, "the burden shifts back to the employee to prove that these reasons were merely a pretext for discrimination." *Id.* (citing *E.E.O.C. v. Our Lady of the Resurrection Medical Ctr.*, 77 F.3d 145 (7th Cir. 1996)).

By failing to respond to the Defendant's Motion for Summary Judgment, Plaintiff has utterly failed to produce any evidence to meet his initial burden of establishing a *prima facie*

4

case of racial discrimination. Federal Rule of Civil Procedure 56(e)(2) states that a party that fails to respond risks summary judgment being entered against him:

> **Opposing Party's Obligation to Respond.** When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Because Plaintiff has failed to meet his initial burden as dictated in *Hicks* and because Plaintiff failed to comply with Federal Rule of Civil Procedure 56(e)(2), entering summary judgment in favor of Defendant is appropriate.

**D.     Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment [DE 27] is GRANTED.

SO ORDERED on May 14, 2010.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE