# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| JAMES G. BROXTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 4:08-CV-28 JVB |
| | ) |
| CITY OF RENSSELAER, INDIANA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendant City of Rennselaer's Motion for Summary Judgment [DE 28], filed on February 1, 2010. Originally, Plaintiff did not respond to the motion, and on May 14, 2010, the Court granted the motion for summary judgment [DE 29]. On May 20, 2010, Plaintiff filed a motion for relief from judgment, which the Court granted on July 14, 2010 [DE 34]. The Court ordered Plaintiff to respond to the motion for summary judgment within twenty days and Defendant to reply fifteen days thereafter.

**A.     Standard of Review**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628..  A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

**B.     Background and Facts**

Plaintiff was employed in Defendant's sanitation department from 1994 to 2007. Plaintiff contends that during his period of employment, he was the only African-American employee. Plaintiff maintains that he was "taunted or harassed because of his race" since the first day of his

employment, but he tolerated negative comments because "he didn't want to appear to be thin-skinned." (DE 38 at 2). Defendant agrees that there was constant bickering between Plaintiff and other employees within the Sanitation department during the period of 2003 to 2007.

According to Plaintiff, he complained numerous times to Michael Murphy, the Superintendent of the Sanitation Department, regarding other employees and, especially, Rick Magruder, calling him racial slurs. According to Defendant, Murphy documented and resolved these complaints pursuant to the City of Rensselaer Policies and Procedures ("the Policies and Procedures"), Ordinance 03-06, and the employees involved received disciplinary notices, including Plaintiff and Magruder. Plaintiff, however, contends that two individuals, John Austin and Magruder, "kept making [his] life miserable and when he would complain to Murphy about it, nothing was done." (DE 38 at 2).

Before the termination of his employment, according to Defendant, Plaintiff had at least seven documented offenses in which it was determined that he had violated the Policies and Procedures. Plaintiff refused to sign at least three of the reports documenting the violations.

According to Defendant, around January 11, 2007, Plaintiff was advised that, if there was one more incident with Magruder, he would be recommended for immediate termination and Magruder would face suspension, in accordance with the Policies and Procedures. Plaintiff maintains that at a meeting in early 2007 (and presumably the same meeting in which he was told that no more incidents with Magruder would be tolerated), he begged Murphy to reassign him to a different division, and Murphy refused.

Plaintiff contends that some time in May 2007, Magruder told Murphy that Plaintiff had

3

taken a vehicle for his personal use. On May 11, 2007,[1] Plaintiff confronted Murphy and told him that Magruder had taken "the truck out and went to lunch," and he asked Murphy why Magruder was not written up for "taking the truck and picking up magazines." (DE 38 at 3–4). Plaintiff maintains that Murphy then made a comment to him that he did not like, which prompted him to set up a meeting with Defendant's mayor and city council. Plaintiff states that he overheard Magruder tell Austin that if Plaintiff "says something in that meeting . . . I'm going to f— him up." (DE 38 at 4). Although he does not elaborate why, Plaintiff believes Magruder and Austin found out about the meeting because Murphy told them about it.

Plaintiff entered the sanitation department's office and stopped at the desk of Kristina Phillips, the sanitation department's secretary, and advised her that he was leaving because he did not feel safe at work. She inquired as to whether he was quitting, and Plaintiff told her that he was not.

Phillips called Murphy and told him about the incident. Plaintiff states that Phillips gave him permission to leave after speaking with Murphy on the telephone, but Defendant maintains that Plaintiff was never given permission to leave that day, from either Phillips or Murphy.

On May 14, 2007, Defendant's city council and mayor held a hearing regarding the incident on May 11, 2007, which Plaintiff attended. At that hearing, Murphy recommended that Plaintiff's employment be terminated for violating the Policies and Procedures by leaving during work hours without permission. The city council voted to terminate Plaintiff's employment, effective May 21, 2007. Magruder's employment was also terminated effective May 21, 2007.

Plaintiff maintains that when he went to the May 14, 2007, meeting, he "was not

---

[1] Plaintiff maintains this incident occurred on May 9, 2007.

informed of his termination and he went to the meeting on [that day] thinking that he was going to get to voice his complaints." (DE 38 at 4). Further, Plaintiff contends that he was not allowed to defend himself.

**C.     Analysis**

Plaintiff filed a complaint with the Equal Employment Opportunity Commission and received a right to sue letter on January 30, 2008. On April 25, 2008, Plaintiff filed his Complaint, alleging racial harassment and discrimination under Title VII of the Civil Rights Act. Defendant moved for summary judgment on both issues, contending that it had a nondiscriminatory reason for firing Plaintiff. Defendant did not address Plaintiff's racial harassment claim.

Disparate treatment occurs when an employee is treated less favorably for the sole reason of their religion, color, sex, national origin, or race. *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). An employee can prove disparate treatment in two ways. First, an employee can provide the Court with direct evidence, or "evidence that establishes without resort to inference from circumstantial evidence," of discrimination. *Hudson v. Chi. Transit Auth.*, 375 F.3d 552, 559 (7th Cir. 2004) (citations and quotations omitted). Second, an employee can establish disparate treatment through indirect evidence, in which case a district court must follow the burden-shifting analysis first dictated by the United States Supreme Court in *McDonnell Douglas Corp. V. Green*, 411 U.S. 792 (1973).

In Title VII cases, the plaintiff carries the initial burden of establishing a *prima facie* case of discrimination. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993); *McDonnell*

*Douglas Corp. v. Green*, 411 U.S. 792 (1973). In a case where the plaintiff alleges a discriminatory discharge and uses the indirect method of proof, the plaintiff must establish: "(1) she was a member of a protected class; (2) she was meeting her employer's legitimate business expectations; (3) she suffered an adverse employment action; and (4) the employer treated a similarly situated employee outside of the class more favorably." *Hancock v. Potter*, 531 F.3d 474, 478 (7th Cir. 2008) (citations omitted); *see also McDonnell Douglas Corp.*, 411 U.S. 792; *Hicks*, 509 U.S. at 506.

If the plaintiff is able to successfully establish a *prima facie* case of racial discrimination, the burden shifts to the employer to "produce 'evidence which, taken as true, would permit the conclusion that there was a nondiscriminatory reason for the adverse action.'" *Hancock*, 531 F.3d at 478 (quoting *Hicks*, 509 U.S. at 509). Once the employer successfully produces a legitimate, non-discriminatory reason for the adverse action, "the burden shifts back to the employee to prove that these reasons were merely a pretext for discrimination." *Id.* (citing *E.E.O.C. v. Our Lady of the Resurrection Medical Ctr.*, 77 F.3d 145 (7th Cir. 1996)).

Plaintiff contends that he satisfied his burden to show a *prima facie* case of discrimination:

> (1) the Plaintiff . . . is an African-American and is definitely in the minority working for [Defendant] in that the only other people employed were [c]aucasians; (2) Until some of the employees working for [Defendant] started calling [Plaintiff] derogatory names and that he started complaining to supervision, he was an exemplary employee; (3) He was terminated; (4) [Defendant] treated a similarly situated employee outside of the class more favorably in that Magruder and Austin, who were the troublemakers, were not treated in the same manner as [Plaintiff].

(DE 38 at 6).

Plaintiff has not met his burden of establishing a *prima facie* case. In particular, Plaintiff

6

has failed to satisfy the fourth prong of the test. To establish that employees not in the protected class were treated more favorably, the plaintiff must show that those employees were similarly situated with respect to "performance, qualifications and conduct," *Snipes v. Ill. Dep't of Corrs.*, 291 F.3d 460, 463 (7th Cir. 2002), and that "the relevant aspects of [their] employment situation were nearly identical to [the] alleged comparator[s]." *Nunnery v. Elgin, Joliet & E. Ry.*, 48 F. Supp. 2d 1122, 1131 (N.D. Ind. 1999) (citations and quotation marks omitted). "Such a showing normally entails establishing that 'the two employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.'" *Snipes*, 291 F.3d at 463 (quoting *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 617–18 (7th Cir. 2000)); *see also Grayson v. O'Neill*, 308 F.3d 808, 819 (7th Cir. 2002) (to meet his burden the plaintiff must demonstrate that there is someone directly comparable to him in all material respects). In addition, the plaintiff must establish that the similarly situated employees were treated more favorably at the time of the alleged discrimination against him. *Jordan v. City of Gary*, 396 F.3d 825, 834 (7th Cir. 2005).

Plaintiff has not provided any evidence or argument that shows that he and Austin or Magruder were similarly situated in "performance, qualifications and conduct." *Snipes*, 291 F.3d at 463. Furthermore, Plaintiff has failed to show that the relevant aspects of Austin and Magruder's employment were nearly identical to his; the Court is unable to determine, at the very least, if Austin and Magruder were even employed in the same department as Plaintiff. *Nunnery*, 48 F.Supp.2d at 1131. Furthermore, Plaintiff has not provided the Court with any evidence that Austin and Magruder were also under the direct supervision of Murphy, that

7

Magruder and Austin were subject to the same standards as Plaintiff, or that either Magruder or Austin have engaged in conduct similar to that of Plaintiff's. *Snipes*, 291 F.3d at 463. Additionally, Plaintiff has not provided any evidence to the Court that Austin was treated more favorably at the time he was allegedly discriminatorily discharged. *Jordan*, 396 F.3d at 834. Finally, Plaintiff would likely be unable to show that Magruder was treated more favorably at the time Plaintiff was allegedly discriminated against, because Magruder was also fired at the May 14, 2007 meeting. *Id.*

Having decided Plaintiff has not met his burden of showing a *prima facie* case of discrimination, the Court need not consider Defendant's proffered nondiscriminatory reason for the adverse employment action. In granting Defendant's motion on the discriminatory discharge issue, the Court notes that Defendant sought summary judgment on both the racial discrimination and the discriminatory discharge claims. However, Defendant only made arguments concerning Plaintiff's alleged discriminatory discharge and did not devote any of its brief to the racial harassment issue. It is likely that Defendant believed that the discriminatory discharge and racial harassment charges were both covered by the same legal standard.

To survive a motion for summary judgment on a racial harassment claim, an employee needs to present evidence "that, if believed by a trier of fact, would show that [the employer]'s conduct was 'severe or pervasive enough to create an objectively hostile or abusive work environment.'" *Ford v. Minteq Shapes and Services, Inc.*, 587 F.3d 845, 847 (7th Cir. 2009) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). However, Federal Rule of Civil Procedure 56(c)(2) instructs the Court that "[t]he judgment sought should be rendered if the pleadings, the discovery, and any affidavits show that there is no genuine issue as to any material

fact and that the movant is entitled to judgment as a matter of law." Defendant is not entitled to summary judgment on Plaintiff's racial harassment claim because it failed to make any arguments to the Court on this issue. Summary judgment is denied as to Plaintiff's racial harassment claim.

**D.     Conclusion**

For the foregoing reasons, Defendant's Motion for Summary Judgment [DE 27] is GRANTED in part and DENIED in part. Summary judgment is granted on the discriminatory discharge issue but is denied as to the racial harassment issue.

SO ORDERED on September 15, 2010.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE